IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DOROTHY ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00514-P-BP |
| § | |
| AMAZON FULFILLMENT, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Dorothy Robinson's Complaint, ECF No. 1, filed on June 28, 2019. Plaintiff has failed to properly serve the Complaint on the Defendant and has failed to show cause why her case should not be dismissed for failure to perfect service of process as ordered by the Court on February 25, 2020, ECF No. 25. This case was referred to the undersigned for pretrial management on July 22, 2019. ECF No. 10. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS this case without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**I.     BACKGROUND**

Plaintiff proceeds in this case *pro se*. When Plaintiff failed to file a return of service or other proof of properly perfected service with the Clerk with the 90-day period provided in Rule 4(m), the undersigned ordered her to do so on or before November 2, 2019. ECF No. 13. Plaintiff responded on November 4, 2019 with a filing that the Court construed as a response to the Court's order to file proof of proper service. *See* ECF No. 14. Summons was issued to Amazon Fulfillment on that same day. ECF No. 15. On November 6, 2019, Plaintiff returned the Summons that she personally delivered to an employee of Amazon Fulfillment on November 4, 2019. ECF No. 16.

By order dated February 25, 2020, the Court ordered Plaintiff to show cause why her case should not be dismissed for failure to properly perfect service on Defendant. In the order, the Court referenced Rule 4 of the Federal Rules of Civil Procedure and explained that personal service by the Plaintiff herself was not permitted. The Court also cautioned Plaintiff that failure to timely show cause why her Complaint should not be dismissed for failure to perfect service may result in a recommendation of dismissal of her claims against the Defendant. Plaintiff did not show cause why her Complaint should not be dismissed.

##   II.   LEGAL STANDARD AND ANALYSIS

The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

Although Plaintiff has named Amazon Fulfillment as the defendant in this case, the Court notes that Amazon Fulfillment Services, Inc. appears to be a wholly owned subsidiary of Amazon.com, Inc. Under Federal Rule of Civil Procedure 4(h), plaintiffs have two options for service of process on a corporation. A plaintiff can serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e)(1), 4(h)(1). The district court in this case is in Texas, and Texas state law provides that service

of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Orgs. Code §§ 5.201(a), 5.255(1).

Here, Robinson failed to effectuate service on Defendant within ninety days of filing the Complaint. She tried to serve an Amazon employee in Human Resources in Fort Worth, Grace Torres, by personally handing a summons to her. ECF No. 16. However, there is no evidence or indication that Torres is a president, vice president, agent, or officer of Defendant, or anyone authorized by law to accept service of process on behalf of Defendant. Additionally, even if Ms. Torres were such a person, personal service of the summons and complaint by a party is not permitted under Federal Rule of Civil Procedure 4(c)(2). Therefore, service on Defendant was improper. There is no evidence in the file to reflect any other efforts by Robinson to serve process on the Defendant. As previously noted, Robinson failed to show cause why her case should not be dismissed for failure to properly effect service.

### III.   CONCLUSION

After considering the pleadings and applicable legal authorities, the undersigned recommends that United States District Judge Mark T. Pittman **DISMISS this case without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    It is so **ORDERED** on April 8, 2020.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE